**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

MICHAEL E. PARKER, SR.,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 23-3237
(D.C. No. 2:23-CV-02473-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

This case is the third attempt by Michael E. Parker, Sr., to obtain judicial review of an administrative law judge's decision on his application for supplemental security income.  His first two attempts were dismissed because he had not asked the Appeals Council to review the administrative law judge's decision—that is, he had not exhausted his administrative remedies.  *See Parker v. Comm'r*, 845 F. App'x 786, 788–89 (10th Cir. 2021); *Parker v. Comm'r*, No. 22-3171, 2023 WL 3300902, at *1

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. May 8, 2023), *cert. denied*, 144 S. Ct. 146 (2023).  The district court dismissed the proceedings underlying this appeal for the same reason.

"The first task of an appellant is to explain to us why the district court's decision was wrong."  *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  Yet Mr. Parker's briefs ignore the district court's conclusion that he had not exhausted his administrative remedies.  Mr. Parker instead challenges the administrative law judge's decision.  But the district court never reached the merits of that decision.  We are left, then, without any challenge to the reason for the district court's dismissal.  We therefore affirm.  *See id.* at 1369.

We recognize that Mr. Parker represents himself.  We have therefore construed his filings liberally.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But even the most liberal construction of his filings reveals no challenge to the district court's reasoning.  And we cannot construct arguments against the district court's decision on Mr. Parker's behalf because doing so would require us to take on an advocate's role.  *See id.*

*        *        *

We affirm the district court's judgment.  Mr. Parker has three motions pending before us.  One asks us to enter summary judgment.  We deny that motion because summary-judgment motions must be filed in district courts, not courts of appeals. *See* Fed. R. Civ. P. 1, 56.  We construe Mr. Parker's two remaining motions as motions to supplement his briefs.  We grant these motions, and we have considered

2

the arguments in them.  Like Mr. Parker's briefs, however, the motions do not

address the reason behind the district court's dismissal.

Entered for the Court


Joel M. Carson III
Circuit Judge